UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHAWANDA NEVERS**                                       **CIVIL ACTION**

**VERSUS**                                                        **No. 21-1064**

**UNITED STATES DEPARTMENT**                 **SECTION "E"(1)**
**OF JUSTICE, ET AL.**

## ORDER AND REASONS

Before the Court is a "Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint,"[1] filed by Defendant Volunteers of America Southeast Louisiana ("VOA"), incorrectly identified by Plaintiff as Volunteers of America of Greater New Orleans, Inc." Plaintiff Shawanda Nevers ("Plaintiff") did not file an opposition. The VOA filed a supplemental memorandum[2] in support of its motion to dismiss.

For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

At the time this complaint was filed, Plaintiff was a federal prisoner in the custody of the Federal Bureau of Prisons in the State of Louisiana.[3] Plaintiff alleges she was placed on home confinement on July 5, 2020.[4] Plaintiff was re-incarcerated at St. Tammany Parish Jail on November 8, 2021, and on January 18, 2022, Plaintiff was released from custody and is now serving a term of supervised release.[5]

---

[1] R. Doc. 28.
[2] R. Doc. 35.
[3] R. Doc. 10 at ¶ 6.
[4] *Id.* at ¶¶ 6, 19.
[5] To the extent Plaintiff's complaint requested injunctive or prospective relief, that request is now moot. "The general rule is that a prisoner's transfer or release from a jail moots [any] individual claim for declaratory and injunctive relief" involving conditions at the jail that the prisoner otherwise had standing to bring during his period of incarceration." *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citing *Holland v. Purdy*, 457 F.2d 802 (5th Cir. 1972)).

Plaintiff attempted to institute this prisoner's civil rights action on May 28, 2021; however, her complaint was marked deficient.[6] Plaintiff's complaint was eventually accepted for filing on July 15, 2021.[7] On July 22, 2021, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.[8] Plaintiff also filed a motion to amend her complaint,[9] and the Court granted the motion;[10] however, Plaintiff failed to file an amended complaint. As a result, Plaintiff's original complaint[11] is operative. On July 22, 2021, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction;[12] and the Court denied the motion for temporary restraining order.[13] On January 10, 2022, Plaintiff filed a second "Emergency Motion for Temporary Restraining Order and Preliminary Injunction."[14] On January 12, 2022, the Court denied Plaintiff's second motion for temporary restraining order and preliminary injunction.[15]

In her complaint, Plaintiff brings claims under the Federal Tort Claims Act, claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), and claims to "redress the deprivation, under color of law," of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[16] Plaintiff lists as defendants the VOA, the United States Department of Justice, the Federal Bureau of Prisons, and several individual defendants allegedly employed by VOA.[17]

---

[6] *See* R. Docs. 1, 2.
[7] *See* R. Doc. 10.
[8] R. Doc. 8.
[9] R. Doc. 6.
[10] R. Doc. 14.
[11] R. Doc. 10.
[12] R. Doc. 9.
[13] R. Doc. 12.
[14] R. Doc. 34.
[15] R. Doc. 36.
[16] *Id.* at ¶¶ 1–4.
[17] *Id.* at ¶¶ 7–18.

In her complaint, Plaintiff alleges "the Residential Re-Entry Facility (Halfway House) run by [VOA] over[sees] the Homes Confinement process."[18] Plaintiff alleges VOA "is a private company that own[s] and operate[s] federal halfway houses," and that VOA "contracted with the Federal Bureau of Prisons (BOP) to operate the Halfway House where they oversee federal prisoners."[19] Plaintiff further alleges VOA is "adhering to policies of the Federal Bureau of Prisons thus Denying Ms. Nevers [Plaintiff] her constitutional rights."[20] Specifically, Plaintiff alleges facility staff at the halfway house denied her requests for approval to run essential errands such as purchasing feminine hygiene products and legal supplies, made phone calls to Plaintiff between the hours of 12:00 a.m. and 5:30 a.m. thereby depriving her of sleep, caused irreparable harm to her health by denying her requests to go outside to exercise, targeted and harassed her thereby diminishing her health, disciplined her "with bogus incident reports," and denied her the ability to attend faith-based and religious services.[21] Plaintiff alleges the actions of halfway house staff amount to, among other things, cruel and unusual punishment, denial of access to the courts, denial of due process, deliberate indifference to her medical needs, and denial of her right to equal protection.[22] Plaintiff claims "each defendant acted under the color of federal law."[23] Plaintiff claims VOA, "following the Federal Bureau of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the

---

[18] *Id.* at ¶ 19.
[19] *Id.*
[20] *Id.* at ¶ 20.
[21] *Id.* at ¶¶ 21–32.
[22] *Id.* at ¶¶ 21–32, 34.
[23] *Id.* at ¶ 18.

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[24]
Plaintiff seeks damages and injunctive relief.[25]

On November 24, 2021, the VOA filed the instant motion, asking the Court to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).[26] On December 16, 2021, Plaintiff filed a motion for extension of time,[27] and the Court granted Plaintiff until January 14, 2022 to file an opposition to the VOA's motion to dismiss.[28] Plaintiff failed to file an opposition to the VOA's motion to dismiss.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[29] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[32] "[T]hreadbare

---

[24] *Id.* at ¶ 36.
[25] *Id.* at ¶ 39.
[26] R. Doc. 28.
[27] R. Doc. 30.
[28] R. Doc. 32.
[29] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[31] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556.
[32] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

4

recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[33]

"Factual allegations must be enough to raise a right to relief above the speculative level."[34] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[35] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[36]

Finally, because Plaintiff is a pro se litigant, the Court will apply less stringent standards because pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers."[37] However, "even a liberally construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted."[38]

## LAW AND ANALYSIS

As mentioned above, Plaintiff failed to file an opposition to the VOA's motion to dismiss, and so has failed to defend her claims against the arguments lodged by VOA in its motion to dismiss.[39] In dismissing a plaintiff's claims, district courts within the Fifth Circuit have expressly applied the rule that a plaintiff's failure to defend her claims beyond her complaint constitutes waiver or abandonment of those claims.[40] Regardless of

---

[33] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[34] *Twombly*, 550 U.S. at 555.

[35] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).

[36] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).

[37] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[38] *D'Aquin v. Landrieu*, No. CV 16-3862, 2016 WL 7178511, at *2 (E.D. La. Dec. 9, 2016) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).

[39] *See* R. Doc. 57.

[40] *See, e.g., Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *1 (N.D. Tex. Mar. 16, 2020); *Trieger v. Ocwen Loan Servicing*, LLC, No. 3:19-CV-00100-L, 2019 WL 3860689 (N.D. Tex. Aug. 15, 2019). *See also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that the plaintiff failed to defend her claim in response to the defendant's motion to dismiss and that the plaintiff's "failure to pursue [her] claim beyond her complaint constituted abandonment.").

whether Plaintiff's failure to respond to the issues raised by the VOA in its motion to dismiss results in a waiver or abandonment of those issues at the district court level, the Court will not dismiss Plaintiff's complaint with prejudice merely because she failed to respond to the VOA's motion to dismiss.[41] The Fifth Circuit has held it is improper for a district court, without considering the merits of the arguments before it, to grant a motion to dismiss solely because it is unopposed.[42] "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[43] Dismissal of the complaint with prejudice in such a case is tantamount to a sanction, and such a dismissal risks running afoul of the Fifth Circuit's "established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or extreme delay."[44] As a result, the Court will grant the VOA's motion to dismiss only if it has merit.

## **Plaintiff's claim against VOA under the Federal Tort Claims Act should be dismissed with prejudice.**

The Federal Tort Claims Act ("FTCA") acts as a limited waiver of the federal government's immunity from tort lawsuits,[45] allowing plaintiffs to sue the federal government

> for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where

---

[41] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).

[42] *Id.*

[43] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[44] *Id.*, 457 F. App'x 448, 454 (5th Cir. 2012).

[45] *Turnbaugh v. United States*, No. 3:17-CV-334-L (BH), 2019 WL 3804978, at *3 (N.D. Tex. July 2, 2019) ("[i]n the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees"), *report and recommendation adopted*, No. 3:17-CV-334-L, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019).

the United States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission occurred.[46]

A federal agency is defined in the FTCA as

the executive departments, the judicial and legislative branches, the
military departments, independent establishments of the United States, and
corporations primarily acting as instrumentalities or agencies of the United
States, but does not include any contractor with the United States.[47]

The Fifth Circuit has recognized the FTCA "provides the sole basis of recovery for tort
claims *against the United States*."[48]

In its motion to dismiss, the VOA argues Plaintiff's FTCA claims against it should
be dismissed because it is a contractor of the BOP, and the "FTCA does not extend to
alleged acts of contractors of the United States."[49] The Court agrees.

In *Menteer v. Applebee*, a panel of the Tenth Circuit Court of Appeals, in an
unpublished opinion, addressed the claims of a federal prisoner incarcerated at a private
prison, which were brought against the United States, the United States Marshal for the
District of Kansas, the United States Attorney General, and the private corporation
operating the prison.[50] The plaintiff in *Menteer* brought various claims, including claims
against all defendants under the FTCA.[51] The district court dismissed the FTCA claims as
to all defendants except the United States because "the United States is the only proper
defendant in an FTCA action."[52] "Perceiving no error," the Tenth Circuit affirmed the
district court's rulings dismissing the plaintiff's FTCA claims.[53]

---

[46] 28 U.S.C. § 1346(b)(1).

[47] *Id.* § 2671.

[48] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

[49] R. Doc. 28-1 at p. 6.

[50] 196 Fed. Appx. 624, 625, 2006 WL 2294845 (10th Cir. 2006) (unpublished opinion).

[51] *Id.* at 626.

[52] *Id.* The district court also dismissed the FTCA claim against the United States pursuant to the
independent contractor exception. *Id.*

[53] *Id.* at 627.

In this case, Plaintiff's claims against the VOA under the FTCA must be dismissed with prejudice because the FTCA does not authorize suit against private contractors.

**Plaintiff's *Bivens* claim against the VOA must be dismissed with prejudice.**

The VOA argues Plaintiff's *Bivens* claims against the VOA must be dismissed because the VOA is a private corporation and the Supreme Court has "declined to extend *Bivens* to private corporate entities acting under color of law."[54] The Court agrees.

In *Correctional Services Corporation v. Malesko*, the United States Supreme Court considered whether the implied damages action first recognized in *Bivens v. Six Unknown Fed. Narcotics Agents* "should be extended to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons."[55] The Supreme Court in *Malesko* declined to so extend *Bivens*.

*Malesko* is on point with this case. Like the plaintiff in *Malesko*, Plaintiff here seeks to recover under *Bivens* against a private corporation operating a halfway house under contract with the Federal Bureau of Prisons.[56] Accordingly, pursuant to the Supreme Court's holding in *Malesko*, Plaintiff's *Bivens* claim against the VOA is foreclosed and must be dismissed with prejudice.

**Plaintiff's claims against the VOA arising out of violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution must be dismissed with prejudice.**

Plaintiff alleges VOA "contracted with the Federal Bureau of Prisons," and that VOA adheres "to policies of the Federal Bureau of Prisons thus denying [Plaintiff her constitutional rights."[57] Plaintiff further alleges the VOA, "following the Federal Bureau

---

[54] R. Doc. 28-1 at p. 7–8.
[55] 534 U.S. 61, 63 (2001).
[56] *See generally* R. Doc. 10.
[57] R. Doc. 10 at ¶20.

of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[58]

As stated by the VOA in its motion to dismiss, Plaintiff does not specify, whether her claims alleging constitutional violations are brought under *Bivens* or under 42 U.S.C. § 1983. The Court already has determined Plaintiff cannot state a *Bivens* claim against the VOA. The VOA argues that, to the extent  Plaintiff attempts to assert claims against it under § 1983 for alleged constitutional violations, these claims must fail as a matter of law.[59] Specifically, the VOA argues it cannot be held liable under § 1983 because it is not a state actor and it did not act under color of state law.[60]

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." The Fifth Circuit has stated the three requirements to establishing liability under § 1983 as follows: "[t]here must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor."[61]

In this case, Plaintiff has failed to state a claim under § 1983 because she does not allege the VOA acted under color of state law. While Plaintiff does allege the VOA is a federal contractor acting "under color of federal law,"[62] this is not sufficient to establish a claim under § 1983. Even assuming arguendo that Plaintiff established, as a matter of law,

---

[58] *Id.* at ¶ 36.
[59] R. Doc. 28-1 at p. 8.
[60] *See id.* at pp. 8–10.
[61] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).
[62] R. Doc. 10 at ¶¶ 18, 20, 36.

that the VOA acted under color of federal law in operating the halfway house, "section 1983 does not provide a remedy against those acting under color of federal law."[63]

District courts within the Fifth Circuit have dismissed § 1983 claims against private entities under contract with the federal government. In *Moghtader v. GEO Group., Inc.*, the plaintiff filed a civil rights action against GEO Group, Inc. ("GEO") and several individual defendants, complaining of events that occurred while he was detained without bond on federal charges at a GEO facility.[64] GEO, "a private corporation under contract to confine federal prisoners," filed a motion to dismiss pursuant to Rule 12(b)(6).[65] The court granted GEO's motion with respect to the plaintiff's claims against GEO under § 1983, stating that "[a]ny federal constitutional claims brought against GEO and its employee Blake under § 1983 are dismissed for lack of state action because private persons under contract to confine federal prisoners and their employees do not act under color of state law."[66] In *Lovoi v. Alitalia Airlines*, the plaintiff alleged the private defendants were contractors of the federal government and claimed the private defendants could thus be treated as extensions of the United States.[67] This Court dismissed the plaintiff's § 1983 claim against the private defendants, concluding the plaintiff failed to allege the private defendants acted under color of state law and that "the

---

[63] *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 365, 37 V.I. 287, 305 (D.V.I. 1997), *aff'd sub nom. The Int'l Islamic Cmty. of Masjid Baytul-Khaliq, Inc. v. United States*, 176 F.3d 472 (3d Cir. 1999).

[64] *Moghtader v. GEO Grp., Inc.*, No. SA-18-CV-632-XR, 2020 WL 1557770, at *1 (W.D. Tex. Mar. 31, 2020)

[65] *Id*. at *1, *7.

[66] *Id*. at *6 (citing *Sandoval v. Wackenhut*, 21 F.3d 1109, at *2 n.3 (5th Cir. 1994) ("Because Sandoval was a federal prisoner in the facility, which Wackenhut was under contract with the federal government to operate, his claims cannot be based on § 1983, because no state action was involved.") and *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x. 414, at *414-15 (5th Cir. 2013) ("Cornell, GEO, and their employees are not subject to suit as state actors under § 1983. BSCC is a federal prison and § 1983 applies to constitutional violations by state, rather than federal, officials.")).

[67] *Lovoi v. Alitalia Airlines*, No. 00-0597, 2001 WL 1287113, at *3 (E.D. La. Oct. 23, 2001).

United States does not act under color of state law for purposes of, nor can it be considered a 'person' liable under § 1983."[68]

To the extent Plaintiff's § 1983 claim against the VOA is based on vicarious liability, Plaintiff's § 1983 claim must fail. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."[69]

Plaintiff has failed to establish that the VOA, a private corporation acting pursuant to a contract with the Federal Bureau of Prisons, acted under color of state law. Furthermore, the VOA cannot be held vicariously liable under § 1983 for the actions of its employees.[70] As a result, Plaintiff's § 1983 claims against the VOA must be dismissed with prejudice.

## <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Motion to Dismiss,[71] filed by Defendant Volunteers of America Southeast Louisiana is **HEREBY GRANTED**. Plaintiff Shawanda Nevers's claims against Defendant Volunteers of America Southeast Louisiana are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this order to Petitioner Shawanda Nevers at the following address:

---

[68] *Id.*

[69] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). *See Shaw v. Villanueva,* 918 F.3d 414, 417 (5th Cir. 2019) (stating that "vicarious liability doesn't apply to *Bivens* and § 1983 suits.").

[70] Even if VOA could theoretically be held vicariously liable under § 1983, Plaintiff's claims would still fail, because VOA employees have not acted under color of state law.

[71] R. Doc. 28.

**Clerk to Notify**

Shawanda Nevers
P.O Box 2704
Laplace, LA 70069

**New Orleans, Louisiana, this 31st day of January, 2022**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**