UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWANDA NEVERS** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1064** |
| **UNITED STATES DEPARTMENT OF JUSTICE, ET AL.** | **SECTION "E"(1)** |

### ORDER AND REASONS

Before the Court is a "Rule 12(c) Motion for Judgment on the Pleadings, and Rule 12(b)(6) Motion to Dismiss," filed by Defendant Bianca Matthews ("Matthews").[1] Plaintiff Shawanda Nevers ("Plaintiff") did not file an opposition.

For the reasons that follow, the motion is **GRANTED**.

### BACKGROUND

At the time this complaint was filed, Plaintiff was a federal prisoner in the custody of the Federal Bureau of Prisons in the State of Louisiana.[2] Plaintiff alleges she was placed on home confinement on July 5, 2020.[3] Plaintiff was re-incarcerated at St. Tammany Parish Jail on November 8, 2021, and on January 18, 2022, Plaintiff was released from custody and is now serving a term of supervised release.[4]

Plaintiff attempted to institute this prisoner's civil rights action on May 28, 2021; however, her complaint was marked deficient.[5] Plaintiff's complaint was eventually

---

[1] R. Doc. 43.
[2] R. Doc. 10 at ¶ 6.
[3] *Id.* at ¶¶ 6, 19.
[4] To the extent Plaintiff's complaint requested injunctive or prospective relief, that request is now moot. "The general rule is that a prisoner's transfer or release from a jail moots [any] individual claim for declaratory and injunctive relief" involving conditions at the jail that the prisoner otherwise had standing to bring during his period of incarceration." *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citing *Holland v. Purdy*, 457 F.2d 802 (5th Cir. 1972)).
[5] *See* R. Docs. 1, 2.

1

accepted for filing on July 15, 2021.[6] On July 22, 2021, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.[7] Plaintiff also filed a motion to amend her complaint,[8] and the Court granted the motion;[9] however, Plaintiff failed to file an amended complaint. As a result, Plaintiff's original complaint[10] is operative. On July 22, 2021, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction;[11] and the Court denied the motion for temporary restraining order.[12] On January 10, 2022, Plaintiff filed a second "Emergency Motion for Temporary Restraining Order and Preliminary Injunction."[13] On January 12, 2022, the Court denied Plaintiff's second motion for temporary restraining order and preliminary injunction.[14]

In her complaint, Plaintiff brings claims under the Federal Tort Claims Act, claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), and claims to "redress the deprivation, under color of law," of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[15] Plaintiff lists as defendants the VOA, the United States Department of Justice, the Federal Bureau of Prisons, and several individual defendants allegedly employed by VOA.[16] Defendant Bianca Matthews is an individual defendant who, at relevant times, was employed by the VOA.

---

[6] *See* R. Doc. 10.
[7] R. Doc. 8.
[8] R. Doc. 6.
[9] R. Doc. 14.
[10] R. Doc. 10.
[11] R. Doc. 9.
[12] R. Doc. 12.
[13] R. Doc. 34.
[14] R. Doc. 36.
[15] *Id.* at ¶¶ 1–4.
[16] *Id.* at ¶¶ 7–18.

In her complaint, Plaintiff alleges "the Residential Re-Entry Facility (Halfway House) run by [VOA] over[sees] the Homes Confinement process."[17] Plaintiff alleges VOA "is a private company that own[s] and operate[s] federal halfway houses," and that VOA "contracted with the Federal Bureau of Prisons (BOP) to operate the Halfway House where they oversee federal prisoners."[18] Plaintiff further alleges VOA is "adhering to policies of the Federal Bureau of Prisons thus Denying Ms. Nevers [Plaintiff] her constitutional rights."[19] Specifically, Plaintiff alleges facility staff at the halfway house denied her requests for approval to run essential errands such as purchasing feminine hygiene products and legal supplies, made phone calls to Plaintiff between the hours of 12:00 a.m. and 5:30 a.m. thereby depriving her of sleep, caused irreparable harm to her health by denying her requests to go outside to exercise, targeted and harassed her thereby diminishing her health, disciplined her "with bogus incident reports," and denied her the ability to attend faith-based and religious services.[20] Plaintiff alleges the actions of halfway house staff amount to, among other things, cruel and unusual punishment, denial of access to the courts, denial of due process, deliberate indifference to her medical needs, and denial of her right to equal protection.[21] Plaintiff claims "each defendant acted under the color of federal law."[22] Plaintiff claims VOA, "following the Federal Bureau of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the

---

[17] *Id.* at ¶ 19.
[18] *Id.*
[19] *Id.* at ¶ 20.
[20] *Id.* at ¶¶ 21–32.
[21] *Id.* at ¶¶ 21–32, 34.
[22] *Id.* at ¶ 18.

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[23] Plaintiff seeks damages and injunctive relief.[24]

On November 24, 2021, the VOA a motion to dismiss, asking the Court to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).[25] On December 16, 2021, Plaintiff filed a motion for extension of time,[26] and the Court granted Plaintiff until January 14, 2022 to file an opposition to the VOA's motion to dismiss.[27] Plaintiff failed to file an opposition to the VOA's motion to dismiss. On January 31, 2022, the Court granted VOA's motion to dismiss, thereby dismissing Plaintiff's claims against VOA, with prejudice.[28]

On March 4, 2022, the Court held a telephone status conference with Plaintiff and the remaining Defendants. In its Minute Entry following the March 4, 2022 status conference, the Court stated that "Defendant Bianca Matthews is the only [remaining] defendant who was properly served in this matter. Accordingly, Defendant Bianca Matthews shall file responsive pleadings on or before Friday, March 18, 2022."[29]

On March 17, 2022, Matthews filed the instant a "Rule 12(c) Motion for Judgment on the Pleadings, and Rule 12(b)(6) Motion to Dismiss."[30] Matthews' motion was set for submission on April 13, 2022.[31] Accordingly, Plaintiff's opposition to Matthews' motion was due on or before April 5, 2022.[32] Plaintiff has not filed any opposition to Matthews' motion.

---

[23] *Id.* at ¶ 36.
[24] *Id.* at ¶ 39.
[25] R. Doc. 28.
[26] R. Doc. 30.
[27] R. Doc. 32.
[28] R. Doc. 38.
[29] R. Doc. 40 at p. 1.
[30] R. Doc. 43.
[31] R. Doc. 43-2.
[32] *See* Local Rule 7.5.

4

## **LEGAL STANDARD**[33]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[34] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[35] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[36] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[37] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[38]

"Factual allegations must be enough to raise a right to relief above the speculative level."[39] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the

---

[33] Matthews filed the instant motion pursuant to Federal Rule of Civil Procedure 12(c), and additionally or in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because relief is warranted under Rule 12(b)(6) based on Plaintiff's failure to state a claim against Matthews, the Court need not consider whether the motion for judgment on the pleadings under Rule 12(c) should be granted.
[34] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[36] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556.
[37] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[38] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[39] *Twombly*, 550 U.S. at 555.

pleader is entitled to relief."[40] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[41]

Finally, because Plaintiff is a pro se litigant, the Court will apply less stringent standards because pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers."[42] However, "even a liberally construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted."[43]

## LAW AND ANALYSIS

As mentioned above, Plaintiff failed to file an opposition to Defendant Matthews' motion to dismiss, and so has failed to defend her claims against the arguments lodged by Matthews in her motion to dismiss.[44] In dismissing a plaintiff's claims, district courts within the Fifth Circuit have expressly applied the rule that a plaintiff's failure to defend her claims beyond her complaint constitutes waiver or abandonment of those claims.[45] Regardless of whether Plaintiff's failure to respond to the issues raised by the VOA in its motion to dismiss results in a waiver or abandonment of those issues at the district court level, the Court will not dismiss Plaintiff's complaint with prejudice merely because she failed to respond to Matthews' motion to dismiss.[46] The Fifth Circuit has held it is improper for a district court, without considering the merits of the arguments before it,

---

[40] *Iqbal,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).
[41] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).
[42] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).
[43] *D'Aquin v. Landrieu*, No. CV 16-3862, 2016 WL 7178511, at *2 (E.D. La. Dec. 9, 2016) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).
[44] *See* R. Doc. 57.
[45] *See, e.g.*, *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *1 (N.D. Tex. Mar. 16, 2020); *Trieger v. Ocwen Loan Servicing*, LLC, No. 3:19-CV-00100-L, 2019 WL 3860689 (N.D. Tex. Aug. 15, 2019). *See also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that the plaintiff failed to defend her claim in response to the defendant's motion to dismiss and that the plaintiff's "failure to pursue [her] claim beyond her complaint constituted abandonment.").
[46] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).

to grant a motion to dismiss solely because it is unopposed.⁴⁷ "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."⁴⁸ Dismissal of the complaint with prejudice in such a case is tantamount to a sanction, and such a dismissal risks running afoul of the Fifth Circuit's "established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or extreme delay."⁴⁹ As a result, the Court will grant Matthews' motion to dismiss only if it has merit.

As mentioned above, the Court granted the motion to dismiss filed by Defendant Volunteers of America Southeast Louisiana ("VOA"). Specifically, the Court: (i) dismissed Plaintiff's claim against VOA under the Federal Tort Claims Act ("FTCA") because the VOA is a private contractor of the federal government and the FTCA does not authorize suit against private contractors; (ii) dismissed Plaintiff's claim against VOA under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*") because the United States Supreme Court has declined to extend *Bivens* "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons"⁵⁰; and dismissed Plaintiff's claims against VOA arising out of violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution because she had no claim against VOA under *Bivens*, and because she had no claim against VOA under 42 U.S.C. § 1983 because VOA, , a private corporation acting pursuant to a contract with the Federal Bureau of Prisons, does not act under color of state law.⁵¹

---

⁴⁷ *Id.*
⁴⁸ *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
⁴⁹ *Id.*, 457 F. App'x 448, 454 (5th Cir. 2012).
⁵⁰ *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 63 (2001).
⁵¹ R. Doc. 38.

Matthews was at all relevant times an employee of VOA, and she is being sued for actions taken in the course and scope of her employment with VOA. Matthews argues the Court's holdings with respect to VOA apply to her.

**Plaintiff's claim against Defendant Bianca Matthews under the Federal Tort Claims Act should be dismissed with prejudice.**

The Federal Tort Claims Act ("FTCA") acts as a limited waiver of the federal government's immunity from tort lawsuits,[52] allowing plaintiffs to sue the federal government

> for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[53]

A federal agency is defined in the FTCA as

> the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.[54]

The Fifth Circuit has recognized the FTCA "provides the sole basis of recovery for tort claims *against the United States*."[55] In its January 31, 2022 Order and Reasons, the Court held "Plaintiff's claims against the VOA under the FTCA must be dismissed with prejudice because the FTCA does not authorize suit against private contractors."[56] Matthews argues the FTCA also does not authorize suit against the employees of private,

---

[52] *Turnbaugh v. United States*, No. 3:17-CV-334-L (BH), 2019 WL 3804978, at *3 (N.D. Tex. July 2, 2019) ("[i]n the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees"), *report and recommendation adopted*, No. 3:17-CV-334-L, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019).
[53] 28 U.S.C. § 1346(b)(1).
[54] *Id.* § 2671.
[55] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).
[56] R. Doc. 38.

8

independent contractors.⁵⁷ The Court agrees. The FTCA does not authorize suits against employees of private independent contractors.⁵⁸ As a result, Plaintiff's claim under FTCA against Matthews must be dismissed with prejudice.

**Plaintiff's *Bivens* claim against Defendant Bianca Matthews must be dismissed with prejudice.**

      In its January 31, 2022 Order and Reasons, the Court stated as follows:

> In *Correctional Services Corporation v. Malesko*, the United States Supreme Court considered whether the implied damages action first recognized in Bivens v. Six Unknown Fed. Narcotics Agents "should be extended to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons." The Supreme Court in *Malesko* declined to so extend Bivens.
>
> *Malesko* is on point with this case. Like the plaintiff in *Malesko*, Plaintiff here seeks to recover under Bivens against a private corporation operating a halfway house under contract with the Federal Bureau of Prisons. Accordingly, pursuant to the Supreme Court's holding in *Malesko*, Plaintiff's Bivens claim against the VOA is foreclosed and must be dismissed with prejudice.

      With respect to Plaintiff's claims against Matthews, *Malesko* is not on point because Matthews is not a private corporation acting as an independent contractor of the federal government, but, instead, is a private employee acting in the course and scope of her employment with a private corporation acting as an independent contractor of the federal government.

      *Bivens* claims provide a cause of action for constitutional violations committed by federal officers under color of federal law.⁵⁹ To succeed on a *Bivens* claim, a federal prisoner must demonstrate a constitutional violation by federal actors.⁶⁰ Employees of

---

⁵⁷ R. Dc. 43-1 at p. 8.
⁵⁸ *United States v. Orleans*, 425 U.S. 807, 819 (1976); *Logue v. United States*, 412 U.S. 521, 527 (1973); *see also Curry v. United States*, 97 F.3d 412, 414 (10th Cir.1996).
⁵⁹ *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).
⁶⁰ *See Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *see also Mireles v. MTC Willacy Cty. Reg'l Det. Facility*, No. 1:19-CV-

the VOA, including Matthews, are not federal actors.[61] In *Eltayib v. Cornell Companies, Inc.*,), the Fifth Circuit held employees of GEO Group, Inc., a private corporation operating prisons and detention facilities under contract with the federal government, cannot be liable as private actors under *Bivens*.[62] The reasoning employed by the Fifth Circuir in *Eltayib* applies to and forecloses Plaintiff's *Bivens* claim against Matthews. As a result, Plaintiff's *Bivens* claim against Matthews should be dismissed with prejudice.

**Plaintiff's claims against Bianca Matthews arising out of violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution must be dismissed with prejudice.**

Plaintiff does not specify whether her claims alleging constitutional violations are brought under *Bivens* or under 42 U.S.C. § 1983. The Court already has determined above that Plaintiff cannot state a *Bivens* claim against Matthews. Plaintiff also cannot state a claim against Matthews under 42 U.S.C. § 1983.

"A *Bivens* action is analogous to an action under § 1983, except that § 1983 applies to constitutional violations by state, rather than federal, actors."[63] To state a claim for relief under § 1983, a plaintiff is required to allege that he was deprived of a constitutional right by a person or entity acting under the color of state law.[64] In light of the foregoing, the Fifth Circuit, in *Eltayib*, held that GEO employees are not subject to suit as state actors under § 1983 because they manage a federal prison.[65]

---

197, 2020 WL 4678433, at *2 (S.D. Tex. July 23, 2020), *report and recommendation adopted,* No. 1:19-CV-00197, 2020 WL 4677402 (S.D. Tex. Aug. 12, 2020).
[61] *See MTC Willacy Cty. Reg'l Det. Facility*, 2020 WL 4678433, at *6.
[62] *Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (citing *Eltayib v. Cornell Companies*, 533 F. App'x. 414, 414-15 (5th Cir. 2013)). *See also Minneci v. Pollard*, 565 U.S. 118, 125–26 (2012) (holding that a federal prisoner cannot assert a Bivens claim against a private individual employed by private entity operating federal prison because state law provides the prisoner with an alternative, adequate remedy against the private individual employee).
[63] *Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (citing *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005)).
[64] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (emphasis in original).
[65] *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x. 414, 414 (5th Cir. 2013).

Plaintiff alleges VOA "contracted with the Federal Bureau of Prisons," and that VOA adheres "to policies of the Federal Bureau of Prisons thus denying [Plaintiff her constitutional rights."[66] Plaintiff further alleges the VOA, "following the Federal Bureau of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[67]

In its January 31, 2022 Order and Reasons, the Court held as follows:

> In this case, Plaintiff has failed to state a claim under § 1983 because she does not allege the VOA acted under color of state law. While Plaintiff does allege the VOA is a federal contractor acting under color of federal law, this is not sufficient to establish a claim under § 1983. Even assuming arguendo that Plaintiff established, as a matter of law, that the VOA acted under color of federal law in operating the halfway house, section 1983 does not provide a remedy against those acting under color of federal law.
>
> District courts within the Fifth Circuit have dismissed § 1983 claims against private entities under contract with the federal government. In *Moghtader v. GEO Group., Inc.*, the plaintiff filed a civil rights action against GEO Group, Inc. ("GEO") and several individual defendants, complaining of events that occurred while he was detained without bond on federal charges at a GEO facility. GEO, a private corporation under contract to confine federal prisoners, filed a motion to dismiss pursuant to Rule 12(b)(6). The court granted GEO's motion with respect to the plaintiff's claims against GEO under § 1983, stating that "[a]ny federal constitutional claims brought against GEO and its employee Blake under § 1983 are dismissed for lack of state action because private persons under contract to confine federal prisoners and their employees do not act under color of state law." In *Lovoi v. Alitalia Airlines,* the plaintiff alleged the private defendants were contractors of the federal government and claimed the private defendants could thus be treated as extensions of the United States. This Court dismissed the plaintiff's § 1983 claim against the private defendants, concluding the plaintiff failed to allege the private defendants acted under color of state law and that the United States does not act under color of state law for purposes of, nor can it be considered a 'person' liable under § 1983.[68]

---

[66] R. Doc. 10 at ¶20.
[67] *Id.* at ¶ 36.
[68] R. Doc. 38 at pp. 10–11 (emphasis in original and internal quotations omitted).

11

As previously mentioned, Matthews is sued in her capacity as an employee of VOA, for actions taken in the course and scope of her employment. As a result, because VOA is not a state actor, Matthews is not a state actor. Plaintiff's claim against Matthews under 42 U.S.C. § 1983 must be dismissed with prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that the "Rule 12(c) Motion for Judgment on the Pleadings, and Rule 12(b)(6) Motion to Dismiss,"[69] filed by Defendant Bianca Matthews is **HEREBY GRANTED**. Plaintiff Shawanda Nevers's claims against Defendant Bianca Matthews are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this order to Petitioner Shawanda Nevers at the following address:

**Clerk to Notify via Mail**

Shawanda Nevers
P.O Box 2704
Laplace, LA 70069

Shawanda Nevers
429 Marvin Garden Street
LaPlace, Louisiana 70068

**Clerk to Notify via Email**

Shawanda Nevers
shawandaalex2020@outlook.com

**New Orleans, Louisiana, this 20th day of April, 2022.**

                                        _____
                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 43.