## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHAWANDA NEVERS**                                    **CIVIL ACTION**

**VERSUS**                                                        **No. 21-1064**

**UNITED STATES DEPARTMENT**                  **SECTION "E"(1)**
**OF JUSTICE, ET AL.**

## ORDER AND REASONS

Before the Court is a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), and Sean Smith ("Smith"), a Residential Reentry Manager for BOP (collectively, the "Federal Defendants").[1] Plaintiff Shawanda Nevers did not file an opposition.

For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

At the time this complaint was filed, Plaintiff was a federal prisoner in the custody of the Federal Bureau of Prisons in the State of Louisiana.[2] Plaintiff alleges she was placed on home confinement on July 5, 2020.[3] Plaintiff was re-incarcerated at St. Tammany Parish Jail on November 8, 2021, and on January 18, 2022, Plaintiff was released from custody and is now serving a term of supervised release.[4]

---

[1] R. Doc. 45.

[2] R. Doc. 10 at ¶ 6.

[3] *Id.* at ¶¶ 6, 19.

[4] To the extent Plaintiff's complaint requested injunctive or prospective relief, that request is now moot. "The general rule is that a prisoner's transfer or release from a jail moots [any] individual claim for declaratory and injunctive relief" involving conditions at the jail that the prisoner otherwise had standing to bring during his period of incarceration." *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citing *Holland v. Purdy*, 457 F.2d 802 (5th Cir. 1972)).

Plaintiff attempted to institute this prisoner's civil rights action on May 28, 2021; however, her complaint was marked deficient.[5] Plaintiff's complaint was eventually accepted for filing on July 15, 2021.[6] On July 22, 2021, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.[7] Although Plaintiff filed a motion to amend her complaint,[8] and the Court granted the motion,[9] Plaintiff did not file an amended complaint. As a result, Plaintiff's original complaint[10] is operative. On July 22, 2021, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction;[11] the Court denied the motion for temporary restraining order.[12] On January 10, 2022, Plaintiff filed a second "Emergency Motion for Temporary Restraining Order and Preliminary Injunction."[13] On January 12, 2022, the Court denied Plaintiff's second motion for temporary restraining order and preliminary injunction.[14]

In her complaint, Plaintiff brings claims under the Federal Tort Claims Act, constitutional tort claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), and claims to "redress the deprivation, under color of law," of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[15] Plaintiff listed as defendants the VOA, the United States Department of Justice, the Federal Bureau of Prisons, Sean

---

[5] *See* R. Docs. 1, 2.
[6] *See* R. Doc. 10.
[7] R. Doc. 8.
[8] R. Doc. 6.
[9] R. Doc. 14.
[10] R. Doc. 10.
[11] R. Doc. 9.
[12] R. Doc. 12.
[13] R. Doc. 34.
[14] R. Doc. 36.
[15] *Id.* at ¶¶ 1–4.

Smith, residential reentry manager for the BOP, and several individual defendants allegedly employed by VOA.[16]

In her complaint, Plaintiff alleges "the Residential Re-Entry Facility (Halfway House) run by [VOA] over[sees] the Homes Confinement process."[17] Defendant Sean Smith "is the Manager of the [S]tate of Louisiana Federal Bureau of Prisons. He is legally responsible for the overall operation of the Federal Bureau of Prisons and each institution under his jurisdiction, including the Volunteer (sic) of America, (halfway house) program."[18] Plaintiff alleges VOA "is a private company that own[s] and operate[s] federal halfway houses," and that VOA "contracted with the Federal Bureau of Prisons (BOP) to operate the Halfway House where they oversee federal prisoners."[19] Plaintiff further alleges VOA is "adhering to policies of the Federal Bureau of Prisons thus denying [Plaintiff] Ms. Nevers her constitutional rights."[20] Specifically, Plaintiff alleges facility staff at the halfway house denied her requests for approval to run essential errands such as purchasing feminine hygiene products and legal supplies, made phone calls to Plaintiff between the hours of midnight and 5:30 a.m. thereby depriving her of sleep, caused irreparable harm to her health by denying her requests to go outside to exercise, targeted and harassed her thereby diminishing her health, disciplined her "with bogus incident reports," and denied her the ability to attend faith-based and religious services.[21] Plaintiff alleges the actions of halfway house staff amount to, among other things, cruel and unusual punishment, denial of

---

[16] *Id.* at ¶¶ 7–18.
[17] *Id.* at ¶ 19.
[18] *Id.* at ¶ 7.
[19] *Id.*
[20] *Id.* at ¶ 20.
[21] *Id.* at ¶¶ 21–32.

access to the courts, denial of due process, deliberate indifference to her medical needs, and denial of her right to equal protection.[22] Plaintiff claims "each defendant acted under the color of federal law."[23] Plaintiff claims VOA, "following the Federal Bureau of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[24]

On November 24, 2021, the VOA filed a motion to dismiss, asking the Court to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).[25] On December 16, 2021, Plaintiff filed a motion for extension of time,[26] and the Court granted Plaintiff until January 14, 2022 to file an opposition to the VOA's motion to dismiss.[27] Plaintiff failed to file an opposition to the VOA's motion to dismiss. On January 31, 2022, the Court granted VOA's motion to dismiss, thereby dismissing Plaintiff's claims against VOA, with prejudice.[28]

On March 4, 2022, the Court held a telephone status conference with Plaintiff and the remaining Defendants to discuss the deficiencies in Plaintiff's "attempts to perfect service of process on most of the Defendants in this action."[29] During the status conference, the Court indicated that the claims against the unserved defendants would be dismissed under Federal Rule of Civil Procedure 4(m) for failure to perfect service

---

[22] *Id.* at ¶¶ 21–32, 34.
[23] *Id.* at ¶ 18.
[24] *Id.* at ¶ 36.
[25] R. Doc. 28.
[26] R. Doc. 30.
[27] R. Doc. 32.
[28] R. Doc. 38.
[29] R. Doc. 40 at p. 1.

within 90 days of the filing of the Complaint. Following the status conference, the Court learned the United States Marshals Service made an error in preparing the process receipt and return for the Federal Defendants by naming the individual, company, or corporation to be served as "U.S. Attorney General, State of Louisiana, Eastern District of Louisiana." This error was corrected, and the corrected process receipt and return was filed in the record at Record Document #41 on March 8, 2022.[30] On March 9, 2022, the Court issued an order granting Plaintiff a thirty-day extension, through and including April 8, 2022, to perfect service upon the unserved defendants.[31]

On March 17, 2022, Defendant Matthews filed a "Rule 12(c) Motion for Judgment on the Pleadings, and Rule 12(b)(6) Motion to Dismiss."[32] On April 20, 2022, the Court issued an Order and Reasons granting Defendant Matthews' motion to dismiss, thereby dismissing Plaintiff's claims against Defendant Matthews with prejudice.[33]

On April 15, 2022, the Federal Defendants filed a motion to dismiss Plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[34] The Federal Defendants' motion was set for submission on May 11, 2022.[35] Accordingly, Plaintiff's opposition to the Federal Defendants' motion was due on or before May 3, 2022.[36] Plaintiff has not filed any opposition to Matthews' motion.

---

[30] R. Doc. 41.
[31] R. Doc. 42.
[32] R. Doc. 43.
[33] R. Doc. 46.
[34] R. Doc. 45.
[35] R. Doc. 45-1.
[36] *See* Local Rule 7.5.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[37] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[38] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[39] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[40] The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.[41] The court's dismissal of a case for lack of subject matter jurisdiction is not an adjudication on the merits of the plaintiff's case and the decision does not prevent the plaintiff from pursuing a claim in a court that does have jurisdiction.[42]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[43] "To survive a motion to dismiss, a complaint must

---

[37] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[38] FED. R. CIV. P. 12(b)(1).
[39] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[40] *In re FEMA*, 668 F.3d at 287.
[41] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).
[42] *Id.*
[43] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[45] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[46] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[47]

"Factual allegations must be enough to raise a right to relief above the speculative level."[48] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[49] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[50]

Finally, because Plaintiff is a pro se litigant, the Court will apply less stringent standards because pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers."[51] However, "even a liberally construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted."[52]

---

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[45] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556.

[46] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[47] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[48] *Twombly*, 550 U.S. at 555.

[49] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

[50] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).

[51] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[52] *D'Aquin v. Landrieu*, No. CV 16-3862, 2016 WL 7178511, at *2 (E.D. La. Dec. 9, 2016) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).

## LAW AND ANALYSIS

As mentioned above, Plaintiff failed to file an opposition to the Federal Defendants' motion to dismiss, and so has failed to defend her claims against the arguments lodged by the Federal Defendants.[53] In dismissing a plaintiff's claims, district courts within the Fifth Circuit have expressly applied the rule that a plaintiff's failure to defend her claims beyond her complaint constitutes waiver or abandonment of those claims.[54] Regardless of whether Plaintiff's failure to respond to the issues raised by the Federal Defendants in their motion to dismiss results in a waiver or abandonment of those issues at the district court level, the Court will not dismiss Plaintiff's complaint with prejudice merely because she failed to respond to the Federal Defendants' motion to dismiss.[55] The Fifth Circuit has held it is improper for a district court, without considering the merits of the arguments before it, to grant a motion to dismiss solely because it is unopposed.[56] "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[57] Dismissal of the complaint with prejudice in such a case is tantamount to a sanction, and such a dismissal risks running afoul of the Fifth Circuit's "established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or

---

[53] *See* R. Doc. 57.
[54] *See, e.g.*, *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *1 (N.D. Tex. Mar. 16, 2020); *Trieger v. Ocwen Loan Servicing*, LLC, No. 3:19-CV-00100-L, 2019 WL 3860689 (N.D. Tex. Aug. 15, 2019). *See also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that the plaintiff failed to defend her claim in response to the defendant's motion to dismiss and that the plaintiff's "failure to pursue [her] claim beyond her complaint constituted abandonment.").
[55] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).
[56] *Id.*
[57] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

extreme delay."[58] As a result, the Court will grant the Federal Defendants' motion to dismiss only if it has merit.

## Plaintiff does not have claims against BOP and DOJ under the Federal Tort Claims Act.[59]

The Federal Tort Claims Act ("FTCA") acts as a limited waiver of the federal government's immunity from tort lawsuits,[60] allowing plaintiffs to sue the federal government

> for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[61]

It is well-accepted the FTCA is the exclusive remedy for tort suits against the United States, and the FTCA thus operates as a limited waiver of sovereign immunity.[62] The FTCA's waiver of sovereign immunity is, however, subject to several exceptions.[63] As a general rule, "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant" in an FTCA suit.[64]

---

[58] *Id.*, 457 F. App'x 448, 454 (5th Cir. 2012).

[59] To the extent Plaintiff brings constitutional tort claims under *Bivens* against BOP and DOJ, these claims are not available, and must be **DISMISSED.** The Supreme Court has held that a plaintiff cannot assert a *Bivens* claim for damages against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). *Govea v. ATF*, 207 F. App'x 369, 373 (5th Cir. 2006) ("*Bivens* actions are unavailable against federal agencies.").

[60] *Turnbaugh v. United States*, No. 3:17-CV-334-L (BH), 2019 WL 3804978, at *3 (N.D. Tex. July 2, 2019) ("[i]n the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees"), *report and recommendation adopted*, No. 3:17-CV-334-L, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019).

[61] 28 U.S.C. § 1346(b)(1).

[62] *Willougby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing 28 U.S.C. § 2679(a)).

[63] *See, e.g., Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013).

[64] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of

In view of the explicit statutory language of 28 U.S.C. § 2679(a), "the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act."[65]

Thus, the Court does not have jurisdiction over these claims. The FTCA claims against BOP and DOJ must be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.[66]

## Plaintiff does not have a claim against Defendant Sean Smith in his official capacity under the Federal Tort Claims Act.

With respect to Defendant Sean Smith, Plaintiff alleges he is "the Manager of the [S]tate of Louisiana Federal Bureau of Prisons," and in this capacity is "legally responsible for the overall operation of the Federal Bureau of Prisons."[67] Pursuant to 28 U.S.C. § 2679(b)(1), a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment.[68] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States."[69] The Attorney General has delegated this

---

jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001).
[65] *Galvin*, 860 F. 2d at 183 ([A federal agency] is not the proper party to be sued under the FTCA. The lower court therefore lacked jurisdiction over [the plaintiff's] claims.").
[66] *See Alex v. St. John the Baptist Par. Sheriff's Off.*, No. CV 16-17019, 2017 WL 568824, at *2 (E.D. La. Feb. 13, 2017) (dismissing the plaintiff's FTCA claims against the federal agency defendants under Federal Rule of Civil Procedure 12(b)(1) with prejudice for lack of subject matter jurisdiction.).
[67] R. Doc. 10 at ¶ 7.
[68] 28 U.S.C. § 2679(b)(1).
[69] *Id.* at 2679(d)(1).

certification power to the United States Attorney for the Eastern District of Louisiana, who has, in turn, delegated the authority to the Chief of the Civil Division, A.U.S.A. Peter M. Mansfield.[70] Federal Defendants have attached a certification by A.U.S.A. Peter M. Mansfield, certifying that Defendant "Sean Smith was acting within the scope of his employment with the United States Department of Justice, Federal Bureau of Prisons, at the time of the conduct alleged in Plaintiff Shawanda Nevers' complaint."[71] The Court does not have jurisdiction over Plaintiff's FTCA claim against Defendant Sean Smith, and the claim must be dismissed without prejudice.[72]

The Court will allow Plaintiff to file an amended complaint within 15 days, on or before **Friday, June 3, 2022,** in order to name the United States as a defendant to her claims under the FTCA.

## **Plaintiff failed to exhaust her *Bivens* claim against Defendant Sean Smith in his individual capacity.**

In *Porter v. Nussle,* the Supreme Court stated that "federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures" as set forth in the Prison Litigation Reform Act ("PLRA").[73] The PLRA requires a prisoner to exhaust available administrative remedies before bringing a lawsuit challenging the conditions

---

[70] 28 C.F.R. § 15.4.

[71] R. Doc. 45-3.

[72] *See Briscoe v. United States,* 268 F. Supp. 3d 1, 9 (D.D.C. 2017) (stating that "plaintiffs initially proposed to bring tort claims under the FTCA against McCabe and Lowry in their official capacities, as well as against the FBI and DOJ. . . . Plaintiffs' claims against McCabe and Lowry in their official capacities are actions against their agency, the FBI. . . . And, plaintiffs' claims against the federal agencies are not cognizable under the FTCA. Therefore, the Court will grant the motions to dismiss the claims against the FBI, DOJ, McCabe in his official capacity, and Lowry in his official capacity for lack of subject matter jurisdiction.").

[73] 534 U.S. 516 (2002).

of her confinement.[74] The Fifth Circuit has held that the PLRA's exhaustion requirement is mandatory, not discretionary, and the prisoner must exhaust available remedies prior to filing suit.[75] Inmates are required to exhaust administrative remedies irrespective of the forms of relief sought and offered through administrative sources.[76] This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.[77] "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint."[78] The Supreme Court has recently concluded that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."[79] "[T]he case must be dismissed if available administrative remedies were not exhausted."[80] Because Plaintiff's *Bivens* claims relate to prison conditions and was brought while she was a federal prisoner confined on home confinement in a halfway house run by the BOP's private contractor, Plaintiff was required to exhaust available administrative remedies before filing suit.[81]

---

[74] *See* 42 U.S.C. § 1997(e) (a); *see also Booth v. Churner*, 532 U.S. 731 (2001) and *Valentine v. Collier,* 978 F.3d 154, 160 (5th Cir. 2020).

[75] *Clifford v. Gibbs*, 298 F.3d 328, 331-332 (5th Cir. 2002).

[76] *Booth*, 532 U.S. at 741 n. 6.

[77] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[78] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[79] *Jones v. Bock*, 549 U.S. 199, 211 (2007).

[80] *Gonzalez*, 702 F.3d at 788.

[81] *See, e.g., Barroca v. Benov*, No. C 01-0004 VRW, 2002 WL 1998273, at *2 (N.D. Cal. Aug. 22, 2002) (stating that the "Administrative Remedy Program applies to inmates confined in institutions operated by the Bureau of Prisons ("BOP"), to inmates designated to contract Community Corrections Centers under BOP's responsibility, and to former inmates for issues that arose during their confinement."); *see also* 28 CFR § 542.10 (Administrative Remedy Program applies to issues that arose during federal confinement even if prisoner is no longer incarcerated).

The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners.[82] One court has aptly summarized the multi-level grievance procedure, established by the Bureau of Prison's Administrative Remedy Program, that inmates must follow:

> First, the inmate must initiate informal resolution by filing a "BP–8" form. 28 C.F.R. § 542.13(a); see also George, 2007 WL 1686321, *3 n. 41, 2007 U.S. Dist. LEXIS 42640, at * 11 n. 41. Second, should informal resolution prove unsuccessful and the inmate wishes to pursue the claim, he or she may then file a formal written complaint on a "BP–9" form within twenty calendar days of the date of the occurrence on which the complaint is based. 28 C.F.R. § 542.14(a). Third, if the inmate is not satisfied with the response, he or she may submit an appeal on a "BP–10" form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. Id. § 542.15(a). Fourth, if the inmate wishes to appeal the Regional Director's decision, he or she may appeal to the Office of General Counsel, Washington, D.C., on a "BP–11" form. Id. This last step is the final administrative appeal.[83]

In her complaint, Plaintiff alleges she has

> sent over 30 complaints to the Federal Bureau of [Prison]s Residential Reentry Manager Sean Smith on [the] BP-9 form. Mr. Sean Smith failed to respond to any of Ms. Nevers complaints. . . . Every time [Plaintiff files at the BP-10 regional it has been denied stating that Ms. Nevers ha[s] to do the informal process by doing a BP-9, [and] each time [Plaintiff] send (sic) them a copy of the BP-9 and appeal their position no one gets back to her.[84]

Plaintiff further alleges she has

> used the prisoner grievance procedure available at the Volunteer of America of Greater New Orleans, Inc., for the Federal Bureau of Prisons to try solving the problem. On numerous of occasion (sic) Plaintiff Nevers present (sic) the facts relating to this complaint. Plaintiff Nevers was never sent a response to the grievance. Plaintiff Nevers appealed the (sic) to every level of the grievance and never got a response . . . [Plaintiff

---

[82] See 28 C.F.R. §§ 542.10 et seq.
[83] United States v. Khan, 540 F. Supp. 2d 344, 348 (E.D.N.Y. 2007).
[84] R. Doc. 10 at ¶ 29.

13

has] sent Mr. Smith over 30 complaints on the BP-9 form. . . . Mr. Sean Smith failed to respond to any of [her] complaints.[85]

According to Plaintiff's own allegations, Plaintiff bypassed the first level of administrative review by failing to initiate informal resolution by filing a "BP-8" form. Plaintiff failed to carry her burden of demonstrating she exhausted her administrative remedies. Plaintiff's *Bivens* claims against Defendant Sean Smith in his individual capacity must be dismissed for failure to exhaust as required under the PRLA. "Failure to exhaust, however, warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements."[86]

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), and Sean Smith[87] is **HEREBY GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the United States Department of Justice, the Federal Bureau of Prisons, and Sean Smith under the Federal Tort Claims Act are **HEREBY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Sean Smith under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* are **HEREBY DISMISSED WITHOUT PREJUDICE.**

---

[85] *Id.* at ¶ 35.
[86] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019), *as revised* (July 2, 2019).
[87] R. Doc. 45.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within 15 days, on or before **Friday, June 3, 2022,** in order to name the United States as a defendant to her claims under the Federal Tort Claims Act.

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this order to Petitioner Shawanda Nevers at the following:

**Clerk to Notify via Mail**

Shawanda Nevers
P.O. Box 2704
Laplace, LA 70069

Shawanda Nevers
429 Marvin Garden Street
LaPlace, Louisiana 70068

**Clerk to Notify via Email**

Shawanda Nevers
shawandaalex2020@outlook.com

**New Orleans, Louisiana, this 19th day of May, 2022.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**