UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWANDA NEVERS** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1064** |
| **UNITED STATES DEPARTMENT OF JUSTICE, ET AL.** | **SECTION "E"(1)** |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion to Dismiss, filed by Defendants Olugbenga "Timi" Akanji, Leander Zanders, Kazeem Oyewuwo (identified by Plaintiff as "Mr. Kazeem"), Carol Jefferson, Chanel Mitchell (identified by Plaintiff as "Ms. Mitchell"), Linda Moses (improperly designated by Plaintiff as "Ms. Mosley"), Arnise Parker (identified by Plaintiff as "Ms. Parker"), Roneika Sutherland (identified by Plaintiff as "Ms. Sutherland"), Antoine Thompson (identified by Plaintiff as "Mr. Thompson"), and Janner Wilson (identified by Plaintiff as "Ms. Wilson") (collectively, "VOA Employee Defendants").[1] Plaintiff Shawanda Nevers ("Plaintiff") did not file an opposition.

For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

At the time this complaint was filed, Plaintiff was a federal prisoner in the custody of the Federal Bureau of Prisons in the State of Louisiana.[2] Plaintiff alleges she was placed on home confinement on July 5, 2020.[3] Plaintiff was re-incarcerated at St. Tammany Parish Jail on November 8, 2021, and on January 18, 2022, Plaintiff was released from custody and is now serving a term of supervised release.[4]

---

[1] R. Doc. 48.
[2] R. Doc. 10 at ¶ 6.
[3] *Id.* at ¶¶ 6, 19.
[4] To the extent Plaintiff's complaint requested injunctive or prospective relief, that request is now moot. "The general rule is that a prisoner's transfer or release from a jail moots [any] individual claim for

1

Plaintiff attempted to institute this prisoner's civil rights action on May 28, 2021; however, her complaint was marked deficient.[5] Plaintiff's complaint was eventually accepted for filing on July 15, 2021.[6] On July 22, 2021, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.[7] Plaintiff also filed a motion to amend her complaint,[8] and the Court granted the motion;[9] however, Plaintiff failed to file an amended complaint. As a result, Plaintiff's original complaint[10] is operative. On July 22, 2021, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction;[11] and the Court denied the motion for temporary restraining order.[12] On January 10, 2022, Plaintiff filed a second "Emergency Motion for Temporary Restraining Order and Preliminary Injunction."[13] On January 12, 2022, the Court denied Plaintiff's second motion for temporary restraining order and preliminary injunction.[14]

In her complaint, Plaintiff brings claims under the Federal Tort Claims Act ("FTCA"), constitutional tort claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), and claims to "redress the deprivation, under color of law," of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[15] Plaintiff listed as defendants the VOA, the United States Department of Justice, the Federal Bureau of Prisons, Sean Smith,

---

declaratory and injunctive relief" involving conditions at the jail that the prisoner otherwise had standing to bring during his period of incarceration." *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citing *Holland v. Purdy*, 457 F.2d 802 (5th Cir. 1972)).
[5] *See* R. Docs. 1, 2.
[6] *See* R. Doc. 10.
[7] R. Doc. 8.
[8] R. Doc. 6.
[9] R. Doc. 14.
[10] R. Doc. 10.
[11] R. Doc. 9.
[12] R. Doc. 12.
[13] R. Doc. 34.
[14] R. Doc. 36.
[15] R. Doc. 10 at ¶¶ 1–4.

residential reentry manager for the BOP, and the VOA Employee Defendants.[16] The VOA Employee Defendants—namely, Olugbenga "Timi" Akanji, Leander Zanders, Kazeem Oyewuwo, Carol Jefferson, Chanel Mitchell, Linda Moses, Arnise Parker, Roneika Sutherland, Antoine Thompson, and Janner Wilson—were, at all relevant times, employees of the VOA acting within the course and scope of their employment with the VOA.[17]

In her complaint, Plaintiff alleges "the Residential Re-Entry Facility (Halfway House) run by [VOA] over[sees] the Homes Confinement process."[18] Plaintiff alleges VOA "is a private company that own[s] and operate[s] federal halfway houses," and that VOA "contracted with the Federal Bureau of Prisons (BOP) to operate the Halfway House where they oversee federal prisoners."[19] Plaintiff further alleges VOA is "adhering to policies of the Federal Bureau of Prisons thus Denying Ms. Nevers [Plaintiff] her constitutional rights."[20] Specifically, Plaintiff alleges facility staff at the halfway house denied her requests for approval to run essential errands such as purchasing feminine hygiene products and legal supplies, made phone calls to Plaintiff between the hours of 12:00 a.m. and 5:30 a.m. thereby depriving her of sleep, caused irreparable harm to her health by denying her requests to go outside to exercise, targeted and harassed her thereby diminishing her health, disciplined her "with bogus incident reports," and denied her the ability to attend faith-based and religious services.[21] Plaintiff alleges the actions of halfway house staff amount to, among other things, cruel and unusual punishment, denial of access to the courts, denial of due process, deliberate indifference to her medical

---

[16] *Id.* at ¶¶ 7–18.
[17] R. Doc. 48-1 at p. 8.
[18] R. Doc. 10 at ¶ 19.
[19] *Id.*
[20] *Id.* at ¶ 20.
[21] *Id.* at ¶¶ 21–32.

3

needs, and denial of her right to equal protection.[22] Plaintiff claims "each defendant acted under the color of federal law."[23] Plaintiff claims VOA, "following the Federal Bureau of Prisons policy," demonstrated deliberate indifference to her medical needs, subjected her to cruel and unusual punishment, and denied her constitutional rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[24] Plaintiff seeks damages and injunctive relief.[25]

On November 24, 2021, the VOA filed a motion to dismiss, asking the Court to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).[26] On December 16, 2021, Plaintiff filed a motion for extension of time,[27] and the Court granted Plaintiff until January 14, 2022 to file an opposition to the VOA's motion to dismiss.[28] Plaintiff failed to file an opposition to the VOA's motion to dismiss. On January 31, 2022, the Court granted VOA's motion to dismiss, thereby dismissing Plaintiff's claims against VOA, with prejudice.[29]

On March 4, 2022, the Court held a telephone status conference with Plaintiff and the remaining Defendants to discuss the deficiencies in Plaintiff's "attempts to perfect service of process on most of the Defendants in this action."[30] During the status conference, the Court indicated that the claims against the unserved defendants would be dismissed under Federal Rule of Civil Procedure 4(m) for failure to perfect service within 90 days of the filing of the Complaint. Following the status conference, the Court learned

---

[22] *Id.* at ¶¶ 21–32, 34.
[23] *Id.* at ¶ 18.
[24] *Id.* at ¶ 36.
[25] *Id.* at ¶ 39.
[26] R. Doc. 28.
[27] R. Doc. 30.
[28] R. Doc. 32.
[29] R. Doc. 38.
[30] R. Doc. 40 at p. 1.

the United States Marshals Service made an error in preparing the process receipt and return for the Federal Defendants by naming the individual, company, or corporation to be served as "U.S. Attorney General, State of Louisiana, Eastern District of Louisiana." This error was corrected, and the corrected process receipt and return was filed in the record at Record Document #41 on March 8, 2022.[31] On March 9, 2022, the Court issued an order granting Plaintiff a thirty-day extension, through and including April 8, 2022, to perfect service upon the unserved defendants.[32]

On March 17, 2022, Defendant Matthews filed a "Rule 12(c) Motion for Judgment on the Pleadings, and Rule 12(b)(6) Motion to Dismiss."[33] On April 20, 2022, the Court issued an Order and Reasons granting Defendant Matthews' motion to dismiss, thereby dismissing Plaintiff's claims against Defendant Matthews with prejudice.[34]

On April 15, 2022, the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), and Sean Smith filed a motion to dismiss Plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[35] On May 19, 2022, the Court issued and Order and Reasons granting the motion to dismiss filed by DOJ, BOP, and Sean Smith, thereby dismissing Plaintiff's claims against DOJ, BOP, and Sean Smith.[36] In its May 19, 2022 Order and Reasons, the Court granted Plaintiff until Friday, June 3, 2022 to file an amended complaint in order to name the United States as a defendant to her claims under the FTCA.[37]

---

[31] R. Doc. 41.
[32] R. Doc. 42.
[33] R. Doc. 43.
[34] R. Doc. 46.
[35] R. Doc. 45.
[36] R. Doc. 49.
[37] *Id.* at p. 11.

On May 10, 2022, the VOA Employee Defendants filed the instant Rule 12(b)(6) Motion to Dismiss.[38] The VOA Employee Defendants' motion was set for submission on May 25, 2022.[39] Accordingly, Plaintiff's opposition to the VOA Employee Defendants' motion was due on or before May 17, 2022.[40] Plaintiff has not filed any opposition to the VOA Employee Defendants' motion.

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[41] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[42] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[43] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[44] The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.[45] The court's dismissal of a case for lack of subject matter jurisdiction is not an adjudication on the merits of the plaintiff's case and the

---

[38] R. Doc. 48.
[39] R. Doc. 48-2.
[40] *See* Local Rule 7.5.
[41] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[42] FED. R. CIV. P. 12(b)(1).
[43] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[44] *In re FEMA*, 668 F.3d at 287.
[45] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

decision does not prevent the plaintiff from pursuing a claim in a court that does have jurisdiction.[46]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[47] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[48] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[49] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[50] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[51]

"Factual allegations must be enough to raise a right to relief above the speculative level."[52] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

---

[46] *Id.*
[47] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[49] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556.
[50] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[51] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[52] *Twombly*, 550 U.S. at 555.

not shown—that the pleader is entitled to relief."[53] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[54]

Finally, because Plaintiff is a pro se litigant, the Court will apply less stringent standards because pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers."[55] However, "even a liberally construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted."[56]

## LAW AND ANALYSIS

As mentioned above, Plaintiff failed to file an opposition to the VOA Employee Defendants' motion to dismiss, and so has failed to defend her claims against the arguments lodged by the VOA Employee Defendants'. In dismissing a plaintiff's claims, district courts within the Fifth Circuit have expressly applied the rule that a plaintiff's failure to defend her claims beyond her complaint constitutes waiver or abandonment of those claims.[57] Regardless of whether Plaintiff's failure to respond to the issues raised by the the VOA Employee Defendants' in their motion to dismiss results in a waiver or abandonment of those issues at the district court level, the Court will not dismiss Plaintiff's complaint with prejudice merely because she failed to respond to the VOA Employee Defendants' motion to dismiss.[58] The Fifth Circuit has held it is improper for a

---

[53] *Iqbal,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).
[54] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).
[55] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).
[56] *D'Aquin v. Landrieu*, No. CV 16-3862, 2016 WL 7178511, at *2 (E.D. La. Dec. 9, 2016) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).
[57] *See, e.g.*, *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *1 (N.D. Tex. Mar. 16, 2020); *Trieger v. Ocwen Loan Servicing*, LLC, No. 3:19-CV-00100-L, 2019 WL 3860689 (N.D. Tex. Aug. 15, 2019). *See also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that the plaintiff failed to defend her claim in response to the defendant's motion to dismiss and that the plaintiff's "failure to pursue [her] claim beyond her complaint constituted abandonment.").
[58] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).

district court, without considering the merits of the arguments before it, to grant a motion to dismiss solely because it is unopposed.[59] "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[60] Dismissal of the complaint with prejudice in such a case is tantamount to a sanction, and such a dismissal risks running afoul of the Fifth Circuit's "established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or extreme delay."[61] As a result, the Court will grant the VOA Employee Defendants' motion to dismiss with prejudice only if it has merit.

As mentioned above, the Court granted the motion to dismiss filed by Defendant Volunteers of America Southeast Louisiana ("VOA"). Specifically, the Court: (i) dismissed Plaintiff's claim against VOA under the FTCA because the VOA is a private contractor of the federal government and the FTCA does not authorize suit against private contractors; (ii) dismissed Plaintiff's claim against VOA under *Bivens* because the United States Supreme Court has declined to extend *Bivens* "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons"[62]; and (iii) dismissed Plaintiff's claims against VOA arising out of violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution because she had no claim against VOA under *Bivens*, and because she had no claim against VOA under 42 U.S.C. § 1983 because VOA, a private corporation acting pursuant to a contract with the Federal Bureau of Prisons, does not act under color of state law.[63]

---

[59] *Id.*
[60] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[61] *Id.*, 457 F. App'x 448, 454 (5th Cir. 2012).
[62] *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 63 (2001).
[63] R. Doc. 38.

The Court also granted the motion to dismiss filed by Defendant Matthews. Specifically, the Court, (i) dismissed Plaintiff's claim against Matthews under the FTCA because the "FTCA does not authorize suits against employees of private independent contractors"[64]; (ii) dismissed Plaintiff's claim against Matthews under *Bivens* because, in order to "succeed on a *Bivens* claim, a federal prisoner must demonstrate a constitutional violation by federal actors" and "[e]mployees of the VOA, including Matthews, are not federal actors"[65]; and (iii) dismissed Plaintiff's claims against Matthews arising out of violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution because she had no claim against Matthews under *Bivens*, and because she had no claim against Matthews under 42 U.S.C. § 1983 because Matthews— an individual sued in her capacity as an employee of VOA for actions taken in the course and scope of her employment with VOA— is not a state actor.[66]

The VOA Employee Defendants were, at all relevant times, employees of VOA, and they are each being sued for actions taken in the course and scope of their employment with VOA. The VOA Employee Defendants argue the Court's holdings with respect to VOA and with respect to Defendant Matthews apply to them. The Court agrees. Accordingly, for the reasons set forth in the Court's January 21, 2022 Order and Reasons granting the VOA's motion to dismiss,[67] and for the reasons set forth in the Court's April 20, 2022 Order and Reasons granting Matthews' motion to dismiss,[68] the motion to dismiss filed by the VOA Employee Defendants has merit.[69]

Accordingly;

---

[64] R. Doc. 46 at p. 9.
[65] *Id.* at pp. 9–10.
[66] *Id.* at pp. 10–12.
[67] R. Doc. 38.
[68] R. Doc. 46.
[69] R. Doc. 48.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Rule 12(b)(6) Motion to Dismiss, filed by Defendants Olugbenga "Timi" Akanji, Leander Zanders, Kazeem Oyewuwo (identified by Plaintiff as "Mr. Kazeem"), Carol Jefferson, Chanel Mitchell (identified by Plaintiff as "Ms. Mitchell"), Linda Moses (improperly designated by Plaintiff as "Ms. Mosley"), Arnise Parker (identified by Plaintiff as "Ms. Parker"), Roneika Sutherland (identified by Plaintiff as "Ms. Sutherland"), Antoine Thompson (identified by Plaintiff as "Mr. Thompson"), and Janner Wilson (identified by Plaintiff as "Ms. Wilson") is **HEREBY GRANTED**.[70] Plaintiff Shawanda Nevers's claims against Defendants Olugbenga "Timi" Akanji, Leander Zanders, Kazeem Oyewuwo (identified by Plaintiff as "Mr. Kazeem"), Carol Jefferson, Chanel Mitchell (identified by Plaintiff as "Ms. Mitchell"), Linda Moses (improperly designated by Plaintiff as "Ms. Mosley"), Arnise Parker (identified by Plaintiff as "Ms. Parker"), Roneika Sutherland (identified by Plaintiff as "Ms. Sutherland"), Antoine Thompson (identified by Plaintiff as "Mr. Thompson"), and Janner Wilson (identified by Plaintiff as "Ms. Wilson" are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this order to Petitioner Shawanda Nevers at the following addresses:

**Clerk to Notify via Mail**

Shawanda Nevers
P.O. Box 2704
Laplace, Louisiana 70069

Shawanda Nevers
429 Marvin Garden Street
LaPlace, Louisiana 70068

---

[70] *Id.*

**Clerk to Notify via Email**
Shawanda Nevers
shawandaalex2020@outlook.com

**New Orleans, Louisiana, this 6th day of June, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**